

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

---

**ZUFFA, LLC, d/b/a THE ULTIMATE
FIGHTING CHAMPIONSHIP (UFC),**

                Plaintiff,

-against-

JOHN TCHIDA, Individually, and as officer, director,
shareholder, and/or principal of CHEETAH INC., d/b/a
CHEETAH'S BAR,

and

CHEETAH INC., d/b/a CHEETAH'S BAR,

                Defendants.

---

**COMPLAINT**

Civil Action No. *12-1014*

Plaintiff, **ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC)** (hereinafter "Plaintiff"), by their attorneys, LONSTEIN LAW OFFICE P.C., complaining of the defendants herein respectfully sets forth and alleges, as follows:

### JURISDICTION AND VENUE

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, all defendants reside within the State of South Dakota (28 U.S.C. § 1391(b) and 28 U.S.C. § 122 (1)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of South Dakota and certain activities of Defendants giving rise to this action took place in the State of South Dakota; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the District of South Dakota. Moreover, upon information and belief, Defendants have their principal place of business within the State of South Dakota; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 2960 West Sahara Avenue, Las Vegas, Nevada 89102.

6. Upon information and belief the defendant, JOHN TCHIDA, resides at 721 3rd Avenue East, Sisseton, SD 57262-1542.

7. Upon information and belief the defendant, JOHN TCHIDA, is an officer, director, shareholder, and/or principal of CHEETAH INC., d/b/a CHEETAH'S BAR.

8. Upon information and belief the defendant, JOHN TCHIDA, was the individual with supervisory capacity and control over the activities occurring within the establishment on October 23, 2010.

9. Upon information and belief the defendant, JOHN TCHIDA, received a financial benefit from the operations of CHEETAH INC., d/b/a CHEETAH'S BAR, on October 23, 2010.

10. Upon information and belief, defendant, JOHN TCHIDA, was the individual with close control over the internal operating procedures and employment practices of CHEETAH INC., d/b/a CHEETAH'S BAR, on October 23, 2010.

11. Upon information and belief, CHEETAH'S BAR, located at 11915 459th Avenue, Sisseton, SD 57262, had a capacity for 101-200 people on October 23, 2010.

12. Upon information and belief, defendant, CHEETAH INC., d/b/a CHEETAH'S BAR, is a business entity, the exact nature of which is unknown, having its principal place of business at 11915 459th Avenue, Sisseton, SD 57262.

13. The Registered Agent is John Tchida, having an address of 721 3rd Avenue East, Sisseton, SD 57262-1542.

14. Upon information and belief, the defendant, CHEETAH INC., is a domestic corporation, incorporated and licensed to do business in the State of South Dakota.

15. Upon information and belief, the defendant, CHEETAH'S BAR, is a partnership licensed to do business in the State of South Dakota.

16. Upon information and belief, Defendant, JOHN TCHIDA, advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as CHEETAH'S BAR, located at 11915 459th Avenue, Sisseton, SD 57262.

17. Upon information and belief, Defendant, CHEETAH INC., advertised for the exhibition of Plaintiff's broadcast within the commercial establishment known as CHEETAH'S BAR, located at 11915 459th Avenue, Sisseton, SD 57262.

## COUNT I

18. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "17," inclusive, as though set forth herein at length.

19. Plaintiff is the owner of the **UFC #121** broadcast, including all undercard matches and the entire television broadcast, scheduled for **October 23, 2010,** via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

20. Plaintiff, or their authorized agent for commercial distribution, for a licensing fee, entered into licensing agreements with various entities in the State of South Dakota, allowing them to publicly exhibit the Broadcast to their patrons.

21. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, unlawfully intercepted, received and/or descrambled said satellite signal and did exhibit the Broadcast at the above address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

22. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal

methods of accessing the Broadcast, including but not limited to (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business. In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast. However, it is logical to conclude that Defendants utilized one of the above described methods or another to intercept and exhibit the broadcast without entering into an agreement to obtain it lawfully from Plaintiff, the legal rights holder for commercial exhibition.

23. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

24. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

25. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff has a private right of action pursuant to 47 U.S.C. §605.

26. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each defendant.

27. Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

28. Plaintiff hereby incorporates paragraphs "1" through "17" and "19" through "22," inclusive, as though fully set forth herein.

29. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

30. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

31. Upon information and belief, the defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

32. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

33. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT III

34. Plaintiff hereby incorporates paragraphs "1" through "17" and "19" through "22" and "29," inclusive, as though fully set forth herein.

35. Plaintiff is the owner of the copyright to the **UFC #121** Broadcast, including all undercard matches and the entire television broadcast, scheduled for **October 23, 2010**, via closed circuit television and via encrypted satellite signal. Applications for Certificates of Registration were filed on December 22, 2011. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

36. As a copyright holder of the rights of the **UFC #121** Broadcast, Plaintiff has rights to the Broadcast including the right to distribute same.

37. Defendant never obtained the proper authority or license from Plaintiff, or its authorized agent for commercial distribution, to publicly exhibit the **UFC #121** Broadcast on **October 23, 2010.**

38. Upon information and belief, with full knowledge that the **UFC #121** Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendant and/or its agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on **October 23, 2010.**

39. Specifically, upon information and belief, the Defendant and/or its agents, servants, workmen and employees unlawfully obtained the **UFC #121** Broadcast, enabling Defendant to publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

40. By reason of the aforementioned conduct, the Defendant willfully violated 17 U.S.C. §501(a).

41. By reason of the aforementioned defendants' violation of 17 U.S.C. §501(a), plaintiff has a private right of action pursuant to 17 U.S.C. §501(b).

42. As a result of Defendant's willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and §504(c)(2), of up to the maximum amount of $150,000.00.

43. Plaintiff is further entitled to its attorney fees and costs pursuant to 17 U.S.C. §505.

WHEREFORE, the plaintiff requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

>(a) Declare that defendant's unauthorized exhibition of the **October 23, 2010, UFC #121 Broadcast,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain.
>
>(b) On the first cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a); or
>
>(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553.
>
>(d) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e).

(e) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to each defendant pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a).

(f) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii) and/or §553 (c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Dated:  June 28, 2012
        Aberdeen, SD

                                **ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC)**

                                By: *[signature]*
                                ZACHARY W. PETERSON, ESQ.
                                SD Bar Roll No. 3436
                                Resident Counsel for Plaintiff
                                Richardson, Wyly, Wise, Sauck & Hieb, LLP
                                One Court St., P.O. Box 1030
                                Aberdeen, SD 57402-1030
                                Telephone: (605)225-6310
                                Facsimile: (605)225-2743
                                Email: zpeterson@rwwsh.com

OF COUNSEL:
JULIE COHEN LONSTEIN, ESQ.
LONSTEIN LAW OFFICE, P.C.
80 North Main Street, P.O. Box 351
Ellenville, New York   12428
Telephone: (845)647-8500
Facsimile: (845)647-6277
Email: Legal@signallaw.com
*Our File No. 10-28SD-05V*